UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAJ PATEL *from all capacities*, <br>            Plaintiff, <br><br>     v. <br><br> THE HONORABLE JOE BIDEN, <br> the President of the United States, <br> THE HONORABLE MERRICK GARLAND, <br> Attorney General of the United States, <br> THE HONORABLE XAVIER BECERRA, <br> Secretary of the United States Department of Health and Human Services, <br> THE HONORABLE ALEJANDRO MAYORKAS, <br> Secretary of the United States Department of Homeland Security, <br> CHRISTOPHER WRAY, <br> Director of the Federal Bureau of Investigations, <br><br>            Defendants. | No. 1:22-cv-000465-JMS-MG |

**ORDER ADDRESSING PENDING MOTIONS AND
DISMISSING PETITION FOR WRIT OF MANDAMUS**

Pending before the Court are *pro se* Plaintiff Raj Patel's Petition for Writ of Mandamus, [Filing No. 1], Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 2], and Motion to Expedite [Filing No. 4]. This Order first addresses Mr. Patel's Motion for Leave to Proceed *In Forma Pauperis*, then screens this action pursuant to 28 U.S.C. § 1915(e)(2) and disposes of his Motion to Expedite.

**I.**

**MOTION TO PROCEED *IN FORMA PAUPERIS***

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to

pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Mr. Patel's Motion to Proceed *In Forma Pauperis*, [Filing No. 2], meets this standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original). The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. June 30, 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. Aug. 12, 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $402 filing fee includes a $52 administrative fee, but that the administrative fee "does not apply to…persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." Further, a federal court cannot act in the absence of subject matter jurisdiction. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000) (collecting cases).

**B. Petition**

In his Petition for Writ of Mandamus, Mr. Patel's latest action filed in federal court,[1] he seeks mandamus relief pursuant to 28 U.S.C. § 1361, which grants district courts jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Supreme Court has emphasized that "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide

---

[1] A PACER search reveals that in the last four years, Mr. Patel has filed no fewer than **twenty-seven** actions and appeals in federal courts, and that he was granted *in forma pauperis* status in nearly all of them. *See Patel v. Biden*, No. 1:22-cv-00394 (D.D.C. Feb. 18, 2022) (dismissed for lack of jurisdiction), *appeal pending*, 22-507 (D.C. Cir.); *Patel v. United States*, No. 1:21-cv-02004 (Fed. Cl. Nov. 5, 2021) (dismissed as "delusional and "clearly baseless), *aff'd*, No. 22-1131 (Fed. Cir. Feb. 11, 2022); *Patel v. United States*, No. 1:21-cv-02250 (S.D. Ind. Sept. 21, 2021) (dismissed as frivolous); *Patel v. United States*, No. 2:21-cv-04160 (D. Mo. Sept. 13, 2021) (dismissed as frivolous); *Patel v. United States*, No. 1:21-cv-2263 (D.D.C. Sept. 8, 2021) (dismissed as frivolous); *Patel v. United States*, No. 2:21-cv-16029 (D.N.J. Sept. 20 , 2021) (dismissed as "plainly meritless"); *Patel v. United States*, No. 3:21-cv-628 (N.D. Ind. Oct. 7, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 1:21-cv-3376 (N.D. Ga. Oct. 5, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 1:21-cv-3335 (N.D. Ga. Oct. 5, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 21-cv-22729, 2021 WL 3603349, at *2 (S.D. Fla. Aug. 13, 2021) (dismissed as "patently frivolous"); *Patel v. Biden*, No. 2:21-cv-1345 (D. Nev. Aug. 9, 2021) (dismissed as frivolous and "largely delusional"); *Patel v. United States*, No. 1:21-cv-6553 (S.D.N.Y. Sept. 20, 2021), (dismissed as "frivolous" with warning of possible future sanctions); *Patel v. Biden*, No. 21-cv-1076, 2021 WL 2882481, at *1 (D.D.C. July 2, 2021) (dismissed for failure "to proffer factual allegations that are plausible"), *pet. for writ of mandamus dismissed,* No. 21-5153 (D.C. Cir. Aug. 6, 2021), *aff'd*, No. 21-5155 (D.C. Cir. Sept. 1, 2021), *reh'g en banc denied*; *Patel v. Martinez*, No. 3:21-cv-00241 (N.D. Ind. Apr. 8, 2021) (dismissed as implausible); *Patel v. Barr*, No. 1:20-cv-02567 (D.D.C. Nov. 12, 2020) (dismissed on plaintiff's motion); *Doe v. Trump Corp.*, No. 20-1706 (2d Cir. Oct. 9, 2020) (dismissing Patel's appeal of denial to intervene in other litigation), *cert. denied*, *reh'g denied*; *Patel v. Patel*, No. 1:20-cv-01772 (S.D. Ind. Sept. 1, 2020) (dismissed for failure to state a claim and lack of jurisdiction), *aff'd*, 834 Fed. App'x 244 (7th Cir. 2021) (warning of possible sanctions for filing frivolous appeals); *Patel v. United States,* No. 1:20-cv-02219 (S.D. Ind. Aug. 20, 2020) (dismissed as frivolous); *Patel v. Trump*, 1:20-cv-758 (S.D. Ind. Apr. 14, 2020) (dismissed as frivolous); *Patel v. Trump*, No. 1:20-cv-00454, 2020 WL 819680, at *2 (S.D. Ind. Feb. 19, 2020) (dismissed as "frivolous and [] entitled to no further judicial time"); *Patel v. Federal Bureau of Investigation*, No. 1:18-cv-03441 (S.D. Ind. Nov. 13, 2018 (dismissed for lack of subject matter jurisdiction); *Patel v. Federal Bureau of Investigation*, No. 1:18-cv-03442 (S.D. Ind. Nov. 13, 2018) (dismissed for lack of subject matter jurisdiction noting "a complete absence of a plausible federal claim").

a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014) (quoting *Heckler v. Ringer,* 466 U.S. 602, 616 (1984)). "If a plaintiff's allegations survive *Ringer's* jurisdictional threshold, three elements must be met in order for the court to issue a writ: '(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available.'" *Id*. (quoting *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987)).

Mr. Patel asks the Court to order the President of the United States and other federal officials to enforce the Privileges and Immunities and Free Exercise Clauses of the United States Constitution. Mr. Patel appears to believe that such an order will relieve him from the detrimental effects of "Weapon S," a "high-tech psychiatric weapon which induces stress and depression . . . and, based on information released by the Central Intelligence Agency, . . . seems to work very similarly to the weapon which induces Havana Syndrome." [Filing No. 1 at 4].  According to Mr. Patel, in 2006 he informed President Bush that he was being targeted with Weapon S, and "[f]rom this point onward and sporadically since July 2017, every moment of my life, I live under Weapon S, as it is being used on me through playing a ringing sound, which causes the aforementioned stress and depression." [Filing No. 1 at 4-5]. Mr. Patel blames Weapon S for his excessive weight gain and inability to practice his religion. He asserts that the Privileges and Immunities Clause and the Free Exercise Clause entitle him to protection from Weapon S.

**C.  Discussion**

*Pro se* complaints such as Mr. Patel's are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted). And at this stage, the Court must accept all factual allegations

as true. "The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar").

Mr. Patel's petition must be dismissed. First, he has identified no "clear nondiscretionary duty" to protect him from "Weapon S" owed to him by the President and the other named federal officials, and therefore the Court has no jurisdiction to entertain his claim. Second, to the extent Mr. Patel makes the same assertions has made in other lawsuits which have been dismissed on the merits, his claims are barred by the doctrine of *res judicata*. *See Coleman v. Labor and Indus. Review Comm'n of Wis.*, 860 F.3d 461, 469 (7th Cir. 2017). Third, the Court finds that this case is frivolous and is entitled to no further judicial time. *See* 28 U.S.C. § 1915(e)(2) (requiring district court to dismiss frivolous *in forma pauperis* complaints); *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity.").

Ordinarily, the Court would give Mr. Patel an opportunity to file an amended complaint before dismissal. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.") However, such an opportunity is not necessary "where it is certain from the face of the complaint that any

amendment would be futile or otherwise unwarranted." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004). The Court concludes that any amendment would be futile and leave to amend is unwarranted in this instance. Thus, this action is **DISMISSED WITH PREJUDICE**.  Mr. Patel's Motion to Expedite [Filing No. 4] is **DENIED** as moot.

### III.
#### CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Patel's Motion for Leave to Proceed *In Forma Pauperis* [Filing No. 2], **DISMISSES** this action **WITH PREJUDICE**, and **DENIES** Mr. Patel's Motion to Expedite [Filing No. 4] as moot.

Mr. Patel has been warned by this Court, the United States District Court for the Southern District of New York, and the Seventh Circuit Court of Appeals that he may be sanctioned for filing frivolous actions.  *See Patel v. Patel*, 834 Fed. App'x 244, 245 (7th Cir. 2021); *Patel v. United States*, No. 1:21-cv-2250-RLY-MG (S.D. Ind. Sept. 21, 2021); *Patel v. United States*, No. 1:21-cv-6553 (S.D.N.Y. Sept. 20, 2021). He has been further warned that if he does not cease filing frivolous lawsuits, the matter of his filing practices will be referred to the Chief Judge of this Court.  Accordingly, the Clerk is directed to refer the matter of Raj Patel's filing practices to the Chief Judge for whatever action she deems warranted.

Final judgment shall enter accordingly.

SO ORDERED.

Date: 3/24/2022

*[signature: Jane Magnus-Stinson]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution by U.S. Mail:

Raj Patel
1239 Spring Lake Drive
Brownsburg, IN 46112

Raj K. Patel
6850 East 21st St.
Indianapolis, IN 46219